IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CALVIN GANT, <br>     PLAINTIFF, <br><br>   v. <br><br> VILLAGE OF SOUTH HOLLAND, a municipal <br> corporation, VILLAGE OF SOUTH HOLLAND <br> POLICE OFFICER MATTHEW MCGEEVER <br> STAR # 3134, VILLAGE OF SOUTH HOLLAND <br> POLICE OFFICER TARIQ ABU- ROMMAN <br> STAR # 3145, in their individual capacities, <br>     DEFENDANTS. | ) <br> ) Case No. <br> ) <br> ) Judge: <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) **JURY DEMAND** |

## ORIGINAL COMPLAINT

Plaintiff, CALVIN GANT, by his undersigned attorney, Danielle Pinkston of the Pinkston Law Group, P.C., complains of Defendants, **VILLAGE OF SOUTH HOLLAND,** a municipal corporation, **VILLAGE OF SOUTH HOLLAND POLICE OFFICER MATTHEW MCGEEVER** Star # 3134 and **VILLAGE OF SOUTH HOLLAND POLICE OFFICER TARIQ ABU- ROMMAN** Star # 3145, in their individual capacities, alleging and stating as follows:

### JURISDICTION AND VENUE

1. This case arises under the U.S. Constitution and the laws of the United States. The case presents a federal question within this Court's jurisdiction under Article III of the Constitution and 28 U.S.C. § 1331; this Court also has jurisdiction under 28 U.S.C. § 1343(3) to redress the deprivation, under color of state law, of any right, privilege, or immunity secured by the U.S. Constitution. The Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) over claims arising under Illinois state law.

2. The acts or omissions giving rise to Plaintiff's claims arose in the County of Cook,

and State of Illinois thus and pursuant to 28 U.S.C.A. § 1391(b)(2) venue is proper in the Northern District of Illinois, Eastern Division.

**THE PARTIES**

3. On October 2, 2021, and at all relevant times to this Complaint, Plaintiff, CALVIN GANT, resided in the Village of South Holland, County of Cook, and State of Illinois.

4. On and before October 2, 2021 and at all relevant times to this Complaint, Defendant, Village of South Holland, is a local government in Illinois created and existing by virtue of the laws of Illinois. The Village of South Holland Police Department is a Department of the Village of South Holland. Defendant Village of South Holland employs the personnel of its Police Department and is responsible for its lawful operations, administration, maintenance, training, supervising personnel employed, and otherwise controls the Village of South Holland Police Department. Defendant Village of South Holland has established policies and procedures for its Police Department and other relevant provisions. The acts and/or omissions alleged in this Complaint were under color of authority, color of state law, as well as under color of the statutes, ordinances, regulations, policies, practices, customs, and usages of the Village of South Holland. Defendant, Village of South Holland is liable for the actions of its employees.

5. On October 2, 2021 and at all relevant times to this Complaint, Defendant, Matthew McGeever was employed as a police officer of the Village Of South Holland and was assigned Star Number 3134.

6. On October 2, 2021, and at all relevant times to this Complaint, Defendant, Matthew McGeever was an agent, employee, and/or servant of the Village of South Holland and was acting within the course and scope of that employment and under color of law.

7. On and before October 2, 2021, and at all relevant times to this Complaint, Defendant, Tariq Abu- Romman was employed as a police officer of the Village Of South Holland and was assigned Star Number 3145.

8. On and before October 2, 2021, and at all relevant times to this Complaint, Tariq Abu-Romman was an agent, employee, and/or servant of the Village of South Holland and was acting within the course and scope of that employment and under color of law.

**ALLEGATIONS**

9. On before October 2, 2021, while acting in furtherance of the conspiracy, both defendant officers, acting individually and in combination as co-conspirators, committed specific criminal, illegal, and tortious acts against Plaintiff, as described in greater detail below.

10. Plaintiff CALVIN GANT was sitting on the porch at his mother's home located in South Holland.

11. While doing so he was not committing a crime, had not committed a crime, now was he about to commit a crime.

12. He observed a police vehicle approach the area near where his car was parked.

13. The Defendant Officers stopped their vehicle and questioned Plaintiff about the tint in his windows, despite him not even driving nor sitting in it at the time.

14. Instead of the Defendant Officers issuing a citation and moving on, they harassed, intimidated, instigated, and handcuffed Plaintiff in front of his residence in the presence of others.

15. The Defendant Officers had no reason to search Plaintiff's vehicle but they violated his Fourth Amendment Rights and did so anyway

16. The Defendant Officers searched Plaintiff's vehicle and allegedly found cannabis, they

claimed was not properly wrapped for transportation.

17. The Defendant Police Officers issued Plaintiff a ticket, caused his vehicle to be towed, and impounded.

18. As a result of the foregoing, Plaintiff has suffered damages including physical and emotional, all proximately caused by Defendants' misconduct.

**COUNT I – FOURTH AMENDMENT enforced by 42 U.S.C. §1983**
**UNLAWFUL SEARCH AND SEIZURE**
(Against Defendant Police Officers)

1-18. Plaintiff restates and realleges all paragraphs of this Complaint, as though fully set forth herein

19. By their actions as described in this complaint, the Defendants acted under color of state law to deprive the Plaintiff of his right to be free from an unreasonable search as guaranteed by the Fourth Amendment of the United States Constitution, as enforced by 42 U.S.C. § 1983.

20. The Defendants searched Plaintiff's and his vehicle with a warrant and without reasonable cause.

21. Defendants are liable for an unconstitutional search and seizure under the Fourth Amendment to the United States Constitution when they conducted pretextual stops of the Plaintiff as alleged herein.

22. Defendants are persons under the laws applicable to this count.

23. The Defendants' violations of Fourth Amendment to the United State Constitution were of the type and character as to which any reasonable person would be aware.

24. Defendants acted in bad faith and with malicious purpose and in a manner exhibiting wanton and willful disregard of human rights, safety, and property.

25. The foregoing actions of Defendants were willful, wanton and in reckless disregard of Plaintiff's rights, and were taken without any lawful justification and/or in the absence of reasonable suspicion, arguable probable cause and/or probable cause.

26. Based upon the facts presented to Defendants and the applicable law, no reasonable law enforcement officer could have concluded that there existed any legal basis to stop and search Plaintiff or his vehicle in which Plaintiff was not even driving nor sitting in it.

27. The law was well settled and clearly established that the actions of Defendants constituted an unlawful search and seizure under the Fourth Amendment to the United States Constitution at the time the actions by Defendant were committed.

28. The actions or inactions of Defendants, as set forth in part above, constituted deliberate indifference or reckless disregard for the safety of Plaintiff when Defendants knew of and disregarded a risk to Plaintiff s health and safety.

29. Defendants misused their power, possessed by virtue of state law and made possible only because they were clothed with the authority of state law.

30. The violation of Plaintiff's rights, as described above, occurred under color of state law and is actionable under 42 U.S.C. §1983.

31. As a direct and proximate cause of Defendants' actions, Plaintiff has been damaged, which damages include grave mental anguish, pain and suffering, loss of capacity for the enjoyment of life, embarrassment, humiliation, loss of reputation, and the loss of other emoluments.

32. These damages have occurred at present, in the past and will most likely occur in the future.

33. Plaintiff is also entitled to punitive damages under this count

WHEREFORE, Plaintiff, CALVIN GANT, prays that judgment be entered against Defendants for:

A. Compensatory damages in an amount to be proven at trial;

B. Punitive and exemplary damages against each individual in an amount appropriate to punish each individual Defendant and deter others from engaging in similar misconduct;

C. Costs of suit;

D. Reasonable attorney's fees pursuant to 42 U.S.C.A. § 1988 and 2412 and as otherwise authorized by statute or law;

E. Pre- and post-judgment interest as permitted by law; and

F. Such other relief as the court may deem proper.

## COUNT II – 42 U.S.C. § 1983
## FALSE ARREST AN IMPROPER INVESTIGATIVE DETENTION
(Against Defendant Police Officers)

1-18. Plaintiff restates and realleges all paragraphs of this Complaint, as though fully set forth herein

19. As described more fully above, all of the Defendant while acting individually, jointly, and/or in conspiracy, as well as under color of law and within the scope of their employment, deprived Plaintiff of his constitutional rights.

20. In the manner described more fully above, the Defendants individually, jointly, and/or in concert and in conspiracy, caused Plaintiff to be continuously detained.

21. These violations include, but are not limited to, the actions summarized in the following paragraphs.

22. Defendant Police Officers conducted an unreasonable search on Plaintiff.

23. Defendant Police Officers caused the violation of Plaintiff's rights in falsely detaining,

restraining, arresting, and imprisoning Plaintiff without reasonable grounds, suspicion, or probable cause or reason to believe that the plaintiff had committed, was committing, or was about to commit a crime.

24. The Defendants violated Plaintiff's Fourth Amendment rights to be free from unreasonable search and seizure, pursuant to 42 U.S.C. § 1983.

25. In so doing, Defendants caused Plaintiff to be unreasonably seized, due to the fact that there was no probable cause for his detention.

26. Absent Defendants' misconduct, the detention and prosecution of Plaintiff could not and would not have been pursued nor detained.

27. The Defendants' misconduct directly and proximately resulted in the unjust and wrongful detention and wrongful imprisonment of Plaintiff in the absence of probable cause, in violation of the Fourth Amendment to the United States Constitution.

28. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally and with indifference to Plaintiff's clearly established constitutional rights.

29. The misconduct of Defendant Officers Matthew McGeever and Tariq Abu- Romman was objectively unreasonable and was undertaken intentionally, with malice, and with a knowing disregard for Plaintiff's clearly established constitutional rights.

30. The aforesaid misconduct of Defendant Officers Matthew McGeever and Tariq Abu-Romman directly and proximately resulted in the unjust an unreasonable search and seizure of Plaintiff and his wrongful imprisonment.

31. As a result, Defendants' misconduct directly and proximately caused Plaintiff to suffer violations of Constitutional Rights, pain, suffering, mental distress, anguish, humiliation,

loss of liberty, and expenses.

WHEREFORE, Plaintiff, CALVIN GANT, prays that judgment be entered against Defendants for:

A. Compensatory damages in an amount to be proven at trial;

B. Punitive and exemplary damages against each individual in an amount appropriate to punish each individual Defendant and deter others from engaging in similar misconduct;

C. Costs of suit;

D. Reasonable attorney's fees pursuant to 42 U.S.C.A. § 1988 and 2412 and as otherwise authorized by statute or law;

E. Pre- and post-judgment interest as permitted by law; and

F. Such other relief as the court may deem proper

**COUNT III- Fourteenth Amendment**
**DUE PROCESS CLAUSE VIOLATIONS**
(Against Defendant Police Officers)

1-18. This count sets forth claims against Defendants for abuse of power and the violation of the Plaintiff's property and liberty interests under the Due Process clause of the Fourteenth Amendment, brought through U.S.C. §1983.

19. This count is set forth in the alternative and both the procedural and substantive Due Process rights of Plaintiff are implicated and a claim for outrageous and shocking the conscious conduct is made herein.

20. Defendants violated the substantive and procedural Due Process clause of the Fourteenth Amendment by conducting illegal traffic stops, conducting illegal searches of Plaintiff's vehicles or vehicle in which Plaintiff was not even driving nor sitting in, violating the civil and constitutional rights of Plaintiff against illegal search and seizure of their person and

property, and their illegal and improper detention, for which there was no justification or legal basis.

21. There was no process available to Plaintiff to prevent or stop Defendants from taking these illegal actions against him.

22. The actions against Plaintiff were taken knowingly, maliciously, and unlawfully, and under color of state law.

23. Defendants misused and abused their power, possessed by virtue of state law, and made possible only because they were clothed with the authority of state law.

24. The violation of Plaintiff's rights, as described above, occurred under color of state law and is actionable under 42 U.S.C. §1983.

25. Defendants are persons under applicable law, and is liable to Plaintiff for the violation of legal and constitutional rights.

26. Defendants acted in bad faith, with malicious purpose, and in a manner exhibiting wanton and willful disregard for human rights, safety, and property.

27. As a result, Defendants' misconduct directly and proximately caused Plaintiff to suffer violations of Constitutional Rights, pain, suffering, mental distress, anguish, humiliation, loss of liberty, and expenses.

WHEREFORE, Plaintiff, CALVIN GANT, prays that judgment be entered against Defendants for:

A. Compensatory damages in an amount to be proven at trial;

B. Punitive and exemplary damages against each individual in an amount appropriate to punish each individual Defendant and deter others from engaging in similar misconduct;

C. Costs of suit;

D.  Reasonable attorney's fees pursuant to 42 U.S.C.A. § 1988 and 2412 and as otherwise authorized by statute or law;

E.  Pre- and post-judgment interest as permitted by law; and

F.  Such other relief as the court may deem proper.

### COUNT IV – 42 U.S.C. § 1983
### FAILURE TO INTERVENE
(Against Defendant Police Officers)

1-18.  Plaintiff restates and realleges all paragraphs of this Complaint, as though fully set forth herein

19. During the events described above, the individual Defendant Officers stood by without intervening to prevent the violation of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments, even though they had the opportunity and duty to do so.

20. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with malice and knowing disregard for Plaintiff's clearly established constitutional rights.

21. Absent Defendants' aforesaid misconduct including, but not limited to, failing to intervene, Plaintiff's rights would not have been violated.

22. The aforesaid misconduct of Defendants directly and proximately resulted in the unjust and wrongful prosecution of Plaintiff and his wrongful imprisonment.

23. As a direct and proximate result of the Defendants' failure to intervene to prevent the violation of Plaintiff's constitutional rights, Plaintiff suffered injuries, including but not limited to loss of liberty, physical harm, suffering, mental distress, anguish, humiliation, and expenses

24. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with malice and willful indifference to Plaintiff's clearly established

constitutional rights.

WHEREFORE, Plaintiff, CALVIN GANT, prays that judgment be entered against Defendants for:

A.  Compensatory damages in an amount to be proven at trial;

B.  Punitive and exemplary damages against each individual in an amount appropriate to punish each individual Defendant and deter others from engaging in similar misconduct;

C.  Costs of suit;

D.  Reasonable attorney's fees pursuant to 42 U.S.C.A. § 1988 and 2412 and as otherwise authorized by statute or law;

E.  Pre- and post-judgment interest as permitted by law; and

F.  Such other relief as the court may deem proper.

### COUNT V – 42 U.S.C. § 1983
### CONSPIRACY TO DEPRIVE CONSTITUTIONAL RIGHTS
(Against Defendant Police Officers)

1-18.  Plaintiff restates and realleges all paragraphs of this Complaint, as though fully set forth herein

19.  The Defendants agreed among themselves to act in concert to accomplish an unlawful purpose by unlawful means in order to wrongfully restrain, arrest, detain, confine, and deprive Plaintiff of his liberty and constitutional rights.

20.  In the aforesaid manner, Defendants made concerted actions to accomplish an unlawful purpose by unlawful means in order to deprive Plaintiff of his constitutional rights, including his rights to due process and to a fair trial, all as described in the various paragraphs of this Complaint.

21.  Defendants, acting within the scope of their employment and under color of law, agreed among themselves and with other individuals to act in concert in order to deprive Plaintiff

of his constitutional rights, including his rights to due process, all as described in the various paragraphs of this Complaint.

22. In the furtherance of the conspiracy each of the co-conspirators engaged in and facilitated numerous avert acts, including, but not limited to, those set forth above such as making false statements and or attestations and detaining Plaintiff and was otherwise willful participants in the joint activity.

23. The misconduct described in this count was objectively unreasonable and was undertaken intentionally and wantonly, with malice, and willful indifference to Plaintiff's clearly established rights.

24. Absent Defendants' aforesaid misconduct, Plaintiff would not have been pursued and his right would not have violated.

25. The aforesaid misconduct of Defendants directly and proximately resulted in the unjust and wrongful search, seizure, and detention of Plaintiff and his wrongful imprisonment.

26. As a result, Defendants' misconduct directly and proximately caused Plaintiff to suffer violations of Constitutional Rights, loss of liberty, pain, suffering, mental distress, anguish, humiliation, and expenses.

WHEREFORE, Plaintiff, CALVIN GANT, prays that judgment be entered against Defendants for:

A. Compensatory damages in an amount to be proven at trial;

B. Punitive and exemplary damages against each individual in an amount appropriate to punish each individual Defendant and deter others from engaging in similar misconduct;

C. Costs of suit;

D. Reasonable attorney's fees pursuant to 42 U.S.C.A. § 1988 and 2412 and as otherwise

authorized by statute or law;

E.   Pre- and post-judgment interest as permitted by law; and

F.   Such other relief as the court may deem proper.

### COUNT VI – Fourteenth Amendment
### DENIAL OF EQUAL PROTECTION
(Against Defendant Police Officers)

1-18.   Plaintiff restates and realleges all paragraphs of this Complaint, as though fully set forth

herein

19. By their actions as described in this complaint, Defendants acted under color of state law

to deprive the Plaintiff of his right to Equal Protection as guaranteed by the Fourteenth

Amendment of the United States Constitution, as enforced by 42 U.S.C. § 1983.

20. As described above, the Defendants subjected Plaintiff to unconstitutional discrimination

based on his race.

21. As a result, Defendants' misconduct directly and proximately caused Plaintiff to suffer

violations of Constitutional Rights, loss of liberty, pain, suffering, mental distress, anguish,

humiliation, and expenses.

WHEREFORE, Plaintiff, CALVIN GANT, prays that judgment be entered against

Defendants for:

A.   Compensatory damages in an amount to be proven at trial;

B.   Punitive and exemplary damages against each individual in an amount appropriate to

punish each individual Defendant and deter others from engaging in similar misconduct;

C.   Costs of suit;

D.   Reasonable attorney's fees pursuant to 42 U.S.C.A. § 1988 and 2412 and as otherwise

authorized by statute or law;

E.   Pre- and post-judgment interest as permitted by law; and

F.   Such other relief as the court may deem proper.

**COUNT VII – State Law Claim**
**UNLAWFUL SEARCH AND SEIZURE**
(Against Defendant Police Officers)

1-18.   Plaintiff restates and realleges all paragraphs of this Complaint, as though fully set forth

herein

19. By their actions as described in this complaint, the Defendants acted under color of state

law to deprive the Plaintiff of his right to be free from an unreasonable search as

guaranteed by the Constitution.

20. The Defendants searched Plaintiff's and his vehicle with a warrant and without reasonable

cause.

21. Defendants are liable for an unconstitutional search and seizure =when they conducted

pretextual stops of the Plaintiff as alleged herein.

22. Defendants are persons under the laws applicable to this count.

23. The Defendants' violations of Constitution were of the type and character as to which any

reasonable person would be aware.

24. Defendants acted in bad faith and with malicious purpose and in a manner exhibiting

wanton and willful disregard of human rights, safety, and property.

25. The foregoing actions of Defendants were willful, wanton and in reckless disregard of

Plaintiff's rights, and were taken without any lawful justification and/or in the absence of

reasonable suspicion, arguable probable cause and/or probable cause.

26. Based upon the facts presented to Defendants and the applicable law, no reasonable law

enforcement officer could have concluded that there existed any legal basis to stop and

search Plaintiff or his vehicle in which Plaintiff was not even driving nor sitting in it.

27. The law was well settled and clearly established that the actions of Defendants constituted an unlawful search and seizure under the Constitution at the time the actions by Defendant were committed.

28. The actions or inactions of Defendants, as set forth in part above, constituted deliberate indifference or reckless disregard for the safety of Plaintiff when Defendants knew of and disregarded a risk to Plaintiff s health and safety.

29. Defendants misused their power, possessed by virtue of state law and made possible only because they were clothed with the authority of state law.

30. The violation of Plaintiff's rights, as described above, occurred under color of state law and is actionable.

31. As a direct and proximate cause of Defendants' actions, Plaintiff has been damaged, which damages include grave mental anguish, pain and suffering, loss of capacity for the enjoyment of life, embarrassment, humiliation, loss of reputation, and the loss of other emoluments.

32. These damages have occurred at present, in the past and will most likely occur in the future.

33. Plaintiff is also entitled to punitive damages under this count

WHEREFORE, Plaintiff, CALVIN GANT, prays that judgment be entered against Defendants for:

A.  Compensatory damages in an amount to be proven at trial;

B.  Pre- and post-judgment interest as permitted by law; and

C.  Such other relief as the court may deem proper.

## COUNT VIII- FALSE IMPRISONMENT
### (Against Defendant Police Officers)

1-18.   Plaintiff restates and realleges all paragraphs of this Complaint, as though fully set forth herein

19. This is an action against Defendants in their official capacity for common law false imprisonment/arrest.

20. Defendants acted within the course and scope of their employment.

21. Plaintiff is entitled to relief against Defendants because they intentionally and unlawfully detained and restrained Plaintiff, when Plaintiff was unlawfully seized, and deprived of his liberty without any reasonable cause or color of authority and maintained such complete restraint and deprivation for a period of time.

22. This unlawful restraint of the Plaintiff's liberty was also accomplished by Defendant confining Plaintiff to an area in which he did not wish to be confined.

23. Plaintiff was further restrained by Defendants use of coercive words, actual force, and immediate means so that Plaintiff was restrained and deprived of liberty.

24. Defendants restrained Plaintiff without any justification and in the absence of probable cause.

25. At all times material to this action, and at all times during which Plaintiff was unlawfully restrained, Plaintiff was restrained against his will, and without consent, so that he was not free to leave his place of confinement.

26. As a result, Defendants' misconduct directly and proximately caused Plaintiff to suffer violations of Constitutional Rights, loss of liberty, pain, suffering, mental distress, anguish, humiliation, and expenses.

WHEREFORE, Plaintiff, CALVIN GANT, prays that judgment be entered against

Defendants for:

A. Compensatory damages in an amount to be proven at trial;

B. Pre- and post-judgment interest as permitted by law; and

C. Such other relief as the court may deem proper.

### COUNT IX– State Law Claim
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
(Against Defendant Police Officers)

1-18.    Plaintiff restates and realleges all paragraphs of this Complaint, as though fully set forth herein

19. The acts and conduct of the Defendants as set forth above were extreme and outrageous.

20. The Defendants' actions were rooted in an abuse of power or authority, and they were undertaken with intent to cause, or were in reckless disregard of the probability that their conduct would cause, severe emotional distress to Plaintiff, as is more fully alleged above.

21. As a direct and proximate result of the Defendants' actions, Plaintiff suffered and continues to suffer physical sickness and severe emotional distress.

WHEREFORE, Plaintiff, CALVIN GANT, prays that judgment be entered against Defendants for:

A. Compensatory damages in an amount to be proven at trial;

B. Pre- and post-judgment interest as permitted by law; and

C. Such other relief as the court may deem proper.

### COUNT X – State Law
### CLAIM CIVIL CONSPIRACY
(Against Defendant Police Officers)

1-18. Plaintiff restates and realleges all paragraphs of this Complaint, as though fully set forth herein

19. The Defendants agreed among themselves to act in concert to accomplish an unlawful

17

purpose by unlawful means in order to wrongfully restrain, arrest, detain, confine, and deprive Plaintiff of his liberty and constitutional rights.

20. In the aforesaid manner, Defendants made concerted actions to accomplish an unlawful purpose by unlawful means in order to deprive Plaintiff of his constitutional rights, including his rights to due process and to a fair trial, all as described in the various paragraphs of this Complaint.

21. Defendants, acting within the scope of their employment and under color of law, agreed among themselves and with other individuals to act in concert in order to deprive Plaintiff of his constitutional rights, including his rights to due process, all as described in the various paragraphs of this Complaint.

22. In the furtherance of the conspiracy each of the co-conspirators engaged in and facilitated numerous avert acts, including, but not limited to, those set forth above such as making false statements and or attestations and detaining Plaintiff and was otherwise willful participants in the joint activity.

23. The misconduct described in this count was objectively unreasonable and was undertaken intentionally and wantonly, with malice, and willful indifference to Plaintiff's clearly established rights.

24. Absent Defendants' aforesaid misconduct, Plaintiff would not have been pursued and his right would not have violated.

25. The aforesaid misconduct of Defendants directly and proximately resulted in the unjust and wrongful search, seizure, and detention of Plaintiff and his wrongful imprisonment.

26. As a result, Defendants' misconduct directly and proximately caused Plaintiff to suffer

violations of Constitutional Rights, loss of liberty, pain, suffering, mental distress, anguish, humiliation, and expenses.

WHEREFORE, Plaintiff, CALVIN GANT, prays that judgment be entered against Defendants for:

A. Compensatory damages in an amount to be proven at trial;

B. Pre- and post-judgment interest as permitted by law; and

C. Such other relief as the court may deem proper.

### COUNT XI - State Law Claim
### COMMON LAW NEGLIGENT HIRING, RETENTION, TRAINING, AND SUPERVISION
### (Village of South Holland)

1-18.   Plaintiff restates and realleges all paragraphs of this Complaint, as though fully set forth herein.

19. Defendant, Village of South Holland breached its duty to properly hire, supervise, train and retain Defendant Police Officers and that participated in the false arrests, stops and prosecutions of Plaintiff.

20. The breach of this duty to properly hire, retain, train and supervise the Defendant Police Officers and agents resulted in damages and injury to Plaintiff.

21. Defendant Village of South Holland knew or should have known that the actions, omissions, and derelictions of officers, could cause injury to Plaintiff.

22. Defendant Village of South Holland reached its duties to hire and/or maintain the employment of employees who were fit for the duties they performed and to supervise and train his employees and agents.

23. As a direct and proximate result of the above unlawful acts and omissions, Plaintiff sustained damages, including emotional pain, anguish, humiliation, insult, indignity, loss

of self-esteem and inconvenience and hurt and are therefore entitled to compensatory damages.

WHEREFORE, Plaintiff, CALVIN GANT, prays that judgment be entered against Defendant for:

A. Compensatory damages in an amount to be proven at trial;

B. Pre- and post-judgment interest as permitted by law; and

C. Such other relief as the court may deem proper.

## COUNT XII – State Law Claim
## RESPONDEAT SUPERIOR
### (Village of South Holland)

1-18.   Plaintiff restates and realleges all paragraphs of this Complaint, as though fully set forth herein.

19. In committing the acts alleged in the preceding paragraphs, each of the Defendants acting at all relevant times within the scope of their employment and under color of law.

20. Defendant Village of South Holland is liable as principals for all torts committed by its agents.

WHEREFORE, Plaintiff, CALVIN GANT, prays that judgment be entered against Defendant Village of South Holland for:

A. Compensatory damages in an amount to be proven at trial;

B. Pre- and post-judgment interest as permitted by law; and

C. Such other relief as the court may deem proper.

## COUNT XIII – State Law Claim
## INDEMNIFICATION

**(Village of South Holland)**

1-18.   Plaintiff restates and realleges all paragraphs of this Complaint, as though fully set forth herein

19. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

20. The Defendants are employees of the Defendant Village of South Holland, who acted within the scope of their employment in committing the misconduct described herein.

WHEREFORE, Plaintiff, Calvin Gant, respectfully requests that this Court enter judgment in his favor and against Defendant Village of South Holland, in the event the Defendant Police Officers are found liable, individually, and in their official capacities, awarding compensatory damages, attorneys' fees, and costs against each Defendant, as well as any other relief this Court deems appropriate.

## JURY DEMAND

Plaintiff, CALVIN GANT, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

Dated: October 3, 2022,                                    Respectfully submitted,

/s/ Danielle A. Pinkston
_____
**PINKSTON LAW GROUP, P.C.**
Danielle A. Pinkston
Attorney for: Calvin Gant
54 North Ottawa Street, Suite #110
Joliet, IL. 60432
Office: (773) 770-4771
Fax: (773) 770-4772
dpinkston@pinkstonlawgroup.com